# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DONNA MAURAS, ANTHONY E. MAURAS, husband and wife, | ) | |
| Plaintiffs, | ) | No. 07-689C |
| v. | ) | (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that plaintiff, Anthony E. Mauras's, complaint be dismissed for lack of subject matter jurisdiction, and plaintiff, Donna Mauras's, complaint be dismissed for failure to state a claim upon which relief can be granted. In support of this motion, we rely upon the complaint ("Compl."), the exhibits thereto, and the following brief.

## ISSUES PRESENTED

1. Whether this Court should dismiss Anthony Mauras's complaint for lack of subject matter jurisdiction where Mr. Mauras is not a party to a contract with the United States and alleges no other basis for bringing suit against the United States.

2. Whether this Court should dismiss Donna Mauras's complaint for failure to state a claim upon which relief can be granted where Mrs. Mauras fails to state a claim upon which relief can be granted where she seeks receipt of pay for a position to which she was never appointed.

STATEMENT OF THE FACTS[1]

Plaintiff Donna Mauras ("Mrs. Mauras") was employed by the Social Security Administration, Tucson, Arizona, Office of Hearings and Appeals ("SSA") from 1992 to April 2005. Compl. ¶ 4; Pl. Ex. A at 3.[2] Plaintiff Anthony E. Mauras ("Mr. Mauras") is the husband of Mrs. Mauras. Compl. ¶ 5. On October 21, 2004, Mrs. Mauras received an amended proposed removal letter charging her with threat to inflict bodily harm against a co-worker. Pl. Ex. A. In April 2005, Mrs. Mauras and SSA entered into a settlement agreement entitled Resolution and Agreement ("the Agreement"). Pursuant to the Agreement, Mrs. Mauras resigned her position with SSA. Pl. Ex. A ¶ 1. SSA agreed to provide a neutral reference to any prospective employer seeking information about Mrs. Mauras's employment with SSA. Pl. Ex. A ¶ 2.

On August 8, 2006, Mrs. Mauras was offered a position as an Administrative Assistant with the Federal Railroad Administration, Office of the Associate Administrator for Safety, duty station Cambridge, Massachusetts ("FRA"). Pl. Ex. B at 2. The offer letter states that Mrs. Mauras would start as a GS-303-6 Step 10 which provided for an annual salary of $43,807.00. Id. Mrs. Mauras's scheduled start date was September 5, 2006 at 8:30 a.m. Id. Mrs. Mauras never began working at FRA. On August 31, 2006, Mrs. Mauras received a letter from the FRA explaining that it decided to rescind its offer of employment as a result of information obtained during a routine reference check. Pl. Ex. B at 1.

---

[1] For purposes of this brief only, the factual allegations contained in plaintiffs' complaint will be treated as true.

[2] "Pl. Ex. ___" refers to the exhibits attached to plaintiffs' complaint. "Compl. ___" refers to plaintiffs' complaint.

Mr. and Mrs. Mauras filed the instant action alleging breach of contract seeking damages in the amount of $43,807.00, the salary Mrs. Mauras would have received had she been employed by the FRA for one year.

ARGUMENT

I. The Jurisdiction Of This Court Is Limited

It is well-established that the United States Court of Federal Claims is a court of limited jurisdiction. Inter-Coastal Xpress, Inc. v. United States, 296 F.3d 1357, 1365-66 (Fed. Cir. 2002). Absent congressional consent to entertain a claim against the United States, the Court lacks authority to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941). Congressional consent to suit in this Court, thereby waiving the Government's traditional immunity, must be explicit and strictly construed. United States v. Mitchell, 445 U.S. 535, 538 (1980); Fidelity Construction Co. v. United States, 700 F.2d 1379, 1383 (Fed. Cir. 1983). A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. Testan, 424 U.S. at 399; United States v. King, 395 U.S. 1, 4 (1969).

The central provision granting consent to suit in this Court is the Tucker Act, 28 U.S.C. § 1491. Testan, 424 U.S. at 397; Aetna Casualty & Surety Co. v. United States, 655 F.2d 1047, 1051 (Ct. Cl. 1981). Pursuant to the Tucker Act, an action may be maintained in this Court only if it is "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a).

The Tucker Act does not create any substantive right of recovery against the United States for money damages. Testan, 424 U.S. at 398; Eastport Steamship Corp. v. United States,

372 F.2d 1002, 1007-09 (Ct. Cl. 1967). Rather, the statute merely confers jurisdiction upon the Court whenever the substantive right exists. Testan, 424 U.S. at 398; United States v. Connolly, 716 F.2d 882, 885 (Fed. Cir. 1983) (en banc). Thus, a claim for money damages must arise from a violation of the Constitution, a statute or regulation, or contractual rights which may be fairly interpreted as requiring the payment of compensation by the United States. Testan, 424 U.S. at 401-02.

III. This Court Lacks Jurisdiction Over Mr. Mauras's Claim For Breach Of Contract

A. Subject Matter Jurisdiction

Subject matter jurisdiction may be challenged at any time by the parties, by the Court sua sponte, or upon appeal. Booth v. United States, 990 F.2d 617, 620 (Fed. Cir. 1993). Once jurisdiction is challenged by the Court or the opposing party, the plaintiff bears the burden of establishing jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). A plaintiff must establish jurisdiction by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Alaska v. United States, 32 Fed. Cl. 689, 695 (1995), appeal dismissed, 86 F.3d 1178 (Fed. Cir. 1996).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997). Nonetheless, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981), aff'd, 460 U.S. 325 (1983).

When deciding a motion to dismiss based upon either lack of subject matter jurisdiction or failure to state a claim, this Court must assume that all undisputed facts alleged in the

complaint are true and must draw all reasonable inferences in the plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995); Hamlet v. United States, 873 F.2d 1414, 1416 (Fed Cir. 1989). If a defendant challenges the jurisdiction of the Court, however, the plaintiff cannot rely merely upon allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. McNutt, 298 U.S. at 189.

B. This Court Lacks Jurisdiction Over Mr. Mauras's Claim

As a preliminary matter, this Court clearly lacks jurisdiction over Mr. Mauras's claim for breach of contract. It is well settled that privity of contract is a prerequisite to maintaining a Tucker Act suit for breach of contract against the Government. Oakland Steel Corp. v. United States, 33 Fed. Cl. 611, 613 (1995) (citing Erickson Air Crane Co. v. United States, 731 F.2d 810, 813 (Fed. Cir. 1984); Thomas Funding Corp. v. United States, 15 Cl. Ct. 495, 499 (1988)). "Only parties that have formed an express or implied contract with the government may bring suit under the Tucker Act." Id. (citing United States v. Johnson Controls, Inc., 713 F.2d 1541, 1550 (Fed. Cir. 1983)).

Taking all the facts of the complaint as true, Mr. Mauras's only connection to this case is his marriage to Mrs. Mauras. The only reference to Mr. Mauras in the entire complaint is the identification of him as Mrs. Mauras's husband. Mr. Mauras was not a party to the contract at issue. Furthermore, there is no indication from the complaint that Mr. Mauras had any dealings whatsoever with the United States or that he suffered any injury as a result of the alleged breach of contract. Accordingly, this Court should dismiss Mr. Mauras's claim for lack of jurisdiction.

IV. Mrs. Mauras's Complaint Should Be Dismissed For Failure To State A Claim Because She Has Failed To Establish Entitlement To The Pay Of A Position To Which She Was Not Appointed

A. Failure To State A Claim Upon Which Relief Can Be Granted

A motion to dismiss pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate when the plaintiff's alleged facts do not entitle her to a remedy. Godwin v. United States, 338 F.3d 1374, 1377 (Fed. Cir. 2003); Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998). Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955 (2007), courts routinely followed the rule set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief." However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level." 127 S. Ct. at 1965. As under Conley, a complaint must still be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Id. at 1964-65.

A complaint should not be dismissed simply because the Court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. A well-pleaded complaint will survive a motion to dismiss "even if it appears that a recovery is very remote and unlikely." Id. at 1965 (internal citation omitted). Nevertheless, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (internal citations omitted). Rather, the facts set forth in the complaint must be sufficient to "nudge the[] claims across the line from conceivable to plausible." Id. at 1974.

B. Mrs. Mauras Has Failed To State A Claim For Damages That Can Be Awarded By This Court

In order to recover damages for a breach of contract claim, a plaintiff "must allege and establish: (1) a valid contract between the parties (2) an obligation or duty arising out of that contract, (3) a breach of that duty, and (4) damages caused by the breach." San Carlos Irrigation & Drainage Dist. v. United States, 877 F.2d 957, 959 (Fed. Cir. 1989). Even taking as true Mrs. Mauras's contention that she entered into a valid contract with the United States and that SSA breached a duty arising out of that contract, Mrs. Mauras has failed to state a claim for damages that can be awarded by this Court.

In order to invoke the Court's jurisdiction based upon a contract, a plaintiff must present a claim for "actual, presently-due money damages from the United States." United States v. King, 395 U.S. 1, 3 (1969); New York Life Ins. Co. v. United States, 118 F. 3d 1553, 1556 (Fed. Cir. 1997) ("The claim must, of course, be for money."). It is not enough for Mrs. Mauras simply to assert a claim for money damages. Phillips v. United States, 77 Fed. Cl. 513, 519 (2007); Schnelle v. United States, 69 Fed. Cl. 463, 466 (2006); Griswold v. United States, 61 Fed. Cl. 458, 465 (2004). Rather, she must establish that "'a substantive right enforceable against the United States for money damages exists.'" Id. (quoting Testan, 424 U.S. at 398). Moreover, "[t]he alleged substantive right must be of the type that can be fairly interpreted as mandating compensation by the Government for the damage sustained." Id. (internal quotations omitted). In this case, the contract at issue does not provide for monetary relief in the event of a

breach nor has Mrs. Mauras established entitlement to the damages sought, namely, the salary she would have earned had she worked for one year at the FRA.

Mrs. Mauras is not entitled to the damages she seeks. For over two hundred years, since the decision in Marbury v. Madison, 5 U.S. 137 (1803), it has been recognized that appointment of a federal employee takes place "when the last act to be done by the appointed authority was performed." Nat'l Treas. Employees Union v. Reagan, 663 F.2d 239, 242 (D.C. Cir. 1981) (quoting Marbury, 5 U.S. at 156); see also, Ainslie v. United States, 355 F.3d 1371, 1374-75 (Fed. Cir. 2004); Watts v. Office of Personnel Management, 814 F.2d 1576, 1580 (Fed. Cir. 1987) (employee not "appointed" where no SF-50 completed or oath of office taken). "This Court cannot grant monetary relief for the loss of a position to which a federal employee has not been appointed." Grosdidier v. United States, 77 Fed. Cl. 106, 110 (2007) (quoting Westover v. United States, 71 Fed. Cl. 635, 640 (2006) (citing Wienberg v. United States, 192 Ct. Cl. 24, 35, 425 F.2d 1244, 1251 (1970))); see also Horner v. Acosta, 803 F.2d 687, 692 (Fed. Cir. 1986) ("[A]n appointment is necessary for a person to hold a government position and be entitled to its benefits) cited by Bernabe v. Office of Personnel Management, 198 Fed. Appx. 961, 964 (Fed. Cir. 2006); Collier v. United States, 56 Fed. Cl. 354, 358 (2003) ("a federal employee is only entitled to the salary of the position to which he or she is appointed"); Tierney v. United States, 168 Ct. Cl. 77 (1964).

In this case, it is undisputed that the FRA rescinded its offer before Mrs. Mauras reported to work on September 5, 2006. The offer letter itself clearly indicates that additional steps were required before appointment including completion of a number of forms and verification of employment eligibility. Pl. Ex. B at 2. The asserted damages are a product of pure speculation

rather than a demand for actual presently-due monetary damages. Mrs. Mauras's complaint, even when the allegations are taken as true, does not establish that the damages claimed arose out of the alleged breach of contract. There is nothing in the complaint to indicate that Mrs. Mauras would have cleared the hurdles listed in the offer letter and have been appointed to the position at issue or that she would have actually maintained the employment for one year. Accordingly, taking all the facts of the complaint as true, Mrs. Mauras was never appointed as an administrative assistant at the FRA and is therefore, not entitled to the salary she would have received in that position. Neither the contract itself nor Mrs. Mauras's claims as alleged provide a cognizable basis for the monetary damages sought. As such, this Court is unable to award the relief sought in this matter and Mrs. Mauras's claim for breach of contract should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the above and foregoing reasons, defendant respectfully requests that the Court dismiss plaintiffs' complaint for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Kirk Manhardt
KIRK MANHARDT
Assistant Director

s/Dawn E. Goodman
DAWN E. GOODMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tel: (202) 616-1067
Fax: (202) 514-8624

December 3, 2007

Attorneys for Defendant

CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on this 3rd day of December, 2007, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Dawn E. Goodman
DAWN E. GOODMAN