Ryan Turchik P.C.

**Mary Judge Ryan**
**RYAN TURCHIK P.C.**
**300 North Main Avenue**
**Suite 106**
**Tucson, AZ 85701**
**Telephone: (520) 882-7070**
**Fax: (520) 882-7091**
**State Bar No. 011692**
**mary@ryanturchik.com**

**Attorneys for:** Plaintiffs

IN THE UNITED STATES COURT

OF FEDERAL CLAIMS

| | |
|---|---|
| Donna Mauras, Anthony E. Mauras, husband and wife;<br><br>Plaintiffs<br>vs.<br><br>United States;<br><br>Defendant. | No:07-689C<br><br>**OPPOSITION TO MOTION TO DISMISS**<br><br>(Chief Judge Damich) |

Plaintiffs by and through Counsel undersigned files their Opposition to the Defendants Motion to Dismiss. This Opposition is supported by the Attached Memorandum of Points and Authorities.

**<u>Memorandum of Points and Authorities.</u>**

Defendant asserts Plaintiff Anthony Mauras should be removed as a Plaintiff because he has suffered no direct breach of contract or loss and that Plaintiff Donna Mauras has failed to state a claim because she has suffered no damages. As outlined below Anthony Mauras was named as the spouse of Plaintiff Donna Mauras; Plaintiff Donna Mauras has asserted a valid contract claim including damages requiring denial

Ryan Turchik P.C.

of the Defendant's Motion to Dismiss.

**<u>Legal Standard</u>**

A Rule 12(b)(6) motion asserts that on the basis of the complaint alone, and assuming all facts are true, that plaintiff's claims should be dismissed against these defendants.

In determining a Motion to Dismiss the Court must accept as true all of the factual allegations contained in the complaint. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164, 122 L. Ed. 2d 517, 113S. Ct. 1160 (1993),*

A complaint should not be dismissed unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hicks v. Small,* 69 *F.3d 967, 969 (9th Cir. 1995).*

The federal rules require only a short and plain statement of the claim showing that the pleader is entitled to relief. FRCP Rule 8(a). The FRCP Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim. The Supreme Court in *Bell Atlantic Corp. v. Twombly, 550 U.S. ____, 12 7S. Ct. 1955 (2007)* suggested that to survive a motion to dismiss a complaint must contain factual allegations sufficient to raise a right to relief. Courts have discussed whether the language in *Bell Atlantic* creates a heightened pleading standard generally or whether the heightened pleading standard that the Court was requiring in might be limited to, or at least applied most rigorously in, the context of an antitrust violation under 15 U.S.C. § 1

Even if *Bell Atlantic corp. v. Twombly, 550 U.S. ____, 12 7S. Ct. 1955 (2007)* is read to impose a new and heightened pleading standard Plaintiffs' complaint meets that standard. The Complaint specifically alleges the elements of a Tucker Act claim ,



**Ryan Turchik PC**
**300 N. Main Ave., #106**
**Tucson, AZ 85701**
**(520) 882-7070**

Ryan Turchik P.C.

sets out in detail the contract, the breach of the contract and the damages and incorporates the Agreement and relevant correspondence supporting those allegations.

**Facts**

Plaintiff Donna Mauras was employed as a Legal Assistant, GS-8 by the Social Security Administration (hereinafter referred to as SSA) an independent agency of the United States federal government pursuant to 42 USC § 901. She worked in the San Francisco Region, in the Tucson, Arizona Office of Appeals from 1992 to April 21, 2005.

Plaintiff Donna Mauras and the SSA entered into a Resolution and Agreement in April 2005 (hereinafter referred to as Agreement). The Agreement was executed by Plaintiff Donna Mauras, SSA Agency Designated Representative, Arthur S. Cahn, Regional Chief Administrative Law Judge and Duane deJoie, the Designated Representative from the American Federation of Government Employees Local 1223 ( AFGE). As a condition of the Agreement Plaintiff Donna Mauras resigned her employment effective April 21, 2005.

The Agreement at Paragraph 2, contains a specific non-disclosure provision relating to prospective employers. Defendant misstates the terms of the Agreement. Defendants state that the Agreement required a 'neutral reference." Under the terms of the Agreement, SSA agreed to disclosure of very specific, limited information to prospective employers. The agreement states that only the information specified in 5 CFR §293.311;that is; name, title, occupation series, annual salary rates, duty status and grades, position description, job element and performance standards will be disclosed. The Agreement specifically states: "Nothing further will be disclosed." On or about June 2006 Plaintiff Donna Mauras applied for a position with the United States Department of Transportation, Federal Railroad Administration (hereinafter



**Ryan Turchik PC**
**300 N. Main Ave., #106**
**Tucson, AZ 85701**
**(520) 882-7070**

Ryan Turchik P.C.

referred to as FRA). Plaintiff Donna Mauras was appointed to the position of Administrative Assistant, GS-303-6 Step 10 at $43,807.00 per annum effective September 3, 2006.

Plaintiff Donna Mauras was subsequently informed the employment was rescinded because "since that time information obtained during a routine reference check has led FRA to rescind out(sic) offer of employment to you." (Complaint Exhibit B). The improper release of information by the Defendant through a "routine reference check" is a breach of the Agreement giving rise to an award of damages suffered by Plaintiff Donna Mauras.

**Anthony Mauras as Plaintiff**

Plaintiff named Anthony Mauras as the spouse of Donna Mauras, Defendant is correct that the actions taken by defendants are against Donna Mauras. Anthony Mauras was named as a necessary party because Arizona is a community property state and Courts have ruled the spouse's presence is necessary. Plaintiffs have no objection to removing Anthony Mauras from the suit if determined appropriate by this Court.

**Plaintiff Donna Mauras has Pled all the Elements of Her Claim**

Ms. Mauras' claim arises from the settlement Agreement entered into by the Social Security Agency, an agency of the federal government. This Court in *Westover v. United States, 71 Fed. Cl. 635, 639-640 (Ct. Cl. 2006)* clearly stated this court has jurisdiction over settlement agreements as a contractual claim. A money mandating statute is only required as a basis of jurisdiction if no contract is asserted. The Court stated;



**Ryan Turchik PC**
**300 N. Main Ave., #106**
**Tucson, AZ 85701**
**(520) 882-7070**

Ryan Turchik P.C.

> Defendant erroneously contends that, in order for the Court of Federal Claims to have jurisdiction over the settlement agreement, the contract must be money mandating. However, the Federal Circuit consistently has held that, if the claim brought under the Tucker Act is not contractual, then the action must be brought pursuant to a money-mandating constitutional provision, statute, regulation or executive order. *See Martinez v. United States, 333 F.3d 1295, 1302-1303 (Fed. Cir. 2003); Hamlet v. United States, 63 F.3d 1097 (Fed. Cir. 1995).* Defendant has not alleged that the settlement agreement failed to constitute a contractual relationship between the Government and plaintiff, nor does any evidence indicate it is not a contractual agreement. Therefore, while plaintiff is not required to show that the contract is money mandating, he must show the existence of a contract. See *Ontario Power Generation v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004).* Jurisdiction over this matter has been established because the claim is based on a contract with the Government.

*Westover v. United States, 71 Fed. Cl. 635, 639-640 (Ct. Cl. 2006).*

Plaintiff's claim is based on the contract with the government as settlement of Donna Mauras' complaint. The Complaint specifically alleges the elements of a Tucker Act claim and incorporates the Agreement and relevant correspondence supporting those allegations.

**Ms. Mauras has stated a Claim for Damages.**

Ms. Mauras suffered economic loss as a result of the breach of the Agreement. Ms. Mauras was hired by the FFA at a salary of $43,807.00 per annum. She was to start work on September 3, 2006. On August 31, 2006 the job was rescinded as a result of Defendant's breach. Ms. Mauras lost the salary she would have earned. This court stated in *Westover v. United States, 71 Fed. Cl. 635, 640 (Ct. Cl. 2006)* when a plaintiff

Ryan Turchik PC
300 N. Main Ave., #106
Tucson, AZ 85701
(520) 882-7070

Ryan Turchik P.C.

alleges that the breach of the neutral references provision cost him the position and the accompanying pay, the court could fashion a remedy for the plaintiff.

Defendant argues that Ms. Mauras has suffered no damages because she was never "appointed" to her position with the FRA. This is based on a mistaken reliance on the need to fill out additional forms. The essential prerequisites of appointment are an authorized appointing officer who takes an action that reveals his awareness he is making an appointment in the United States civil service, and action by the appointee denoting acceptance . *Bernabe v. OPM, 198 Fed. Appx. 961, 965 (Fed. Cir. 2006.)* The correspondence attached to the Complaint clearly states Ms. Mauras was appointed to the position. The formal selection letter she received and attached to her complaint was an unconditional offer with a specific start date in a specific location. This letter was addressed to Ms. Mauras in Tucson, Arizona and required relocation to Cambridge MA. The suggestion that additional paperwork was to be filled out at the job location does not negate the appointment.

Defendant mistakenly relies on cases where the plaintiff's action is against the entity making the job appointment. (See *Grosdidier v. United States, 77 Fed Cl. 106 (2007) Tierney v. United States, 168 Ct Cl. 77 (1964*). This is not the case here. Plaintiff's action is against the SSA under the settlement agreement entered into at the time of her resignation. Damages that arise from that breach are recoverable.



**Ryan Turchik PC**
**300 N. Main Ave., #106**
**Tucson, AZ 85701**
**(520) 882-7070**

Ryan Turchik P.C.

The rescission of the position was due to the breach of the settlement agreement by the SSA. This act forms the basis of Ms. Mauras' claim. Under the Tucker Act damages that flow from the breach of the contract are recoverable. 28 USC §1491.

**Conclusion**

For the above and foregoing reasons, Defendant's motion to dismiss must be denied.

DATED this __3rd___ date of January 2008.

/s/ Mary Judge Ryan
**Ryan Turchik P.C.**
Mary Judge Ryan

Certificate of Electronic Filing

I hereby certify that on this 3rd day of January 2008, a copy of the foregoing "**OPPOSITION TO MOTION TO DISMISS"** was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the court's electronic filing system. parties may access this filing through the court's system.

/s/ Mary Judge Ryan
**Ryan Turchik P.C.**
Mary Judge Ryan



**Ryan Turchik PC**
**300 N. Main Ave., #106**
**Tucson, AZ 85701**
**(520) 882-7070**