IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DONNA MAURAS, ANTHONY E. MAURAS, husband and wife, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 07-689C |
| | ) | |
| v. | ) | (Chief Judge Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully submits this reply to plaintiff's response to our motion to dismiss the complaint.

## ARGUMENT

### I. The Claims Of Plaintiff Anthony Mauras Should Be Dismissed With Prejudice

As conceded by plaintiffs in their response to our motion to dismiss, this Court lacks jurisdiction to entertain any claim by Mr. Mauras. Accordingly, the Government seeks dismissal of the claims of Mr. Mauras. Plaintiffs' response indicates that they do not oppose this portion of the Government's motion.

### II. Plaintiff Donna Mauras Has Failed to Establish A Claim Upon Which Relief May Be Granted

Contrary to plaintiffs' response, our moving brief does not allege that this Court lacks jurisdiction to enforce the terms of a settlement agreement. Rather, the Government's basis for its motion is that even if Mrs. Mauras were to prevail on the merits, Mrs. Mauras has not stated a claim which entitles her to the relief sought. Accordingly, Mrs. Mauras's claim should be dismissed for failure to state a claim upon which relief may be granted.

Mrs. Mauras's contention that she was appointed to a position at the Federal Railroad Administration ("FRA") fails as a matter of law. Mrs. Mauras cites Bernabe v. Office of Personnel Management, 198 Fed. Appx. 961, 965 (Fed. Cir. 2006), an unpublished decision, for the proposition that appointment to Federal employment is completed upon an act of an authorized appointed officer revealing awareness of the appointment and an action by the appointee denoting acceptance. Although this statement is contained in Bernabe, its application by the Bernabe court and the cases cited therein, clearly contradicts Mrs. Mauras's argument that she was appointed upon receipt and acceptance of the FRA's offer letter.

In Bernabe, the Federal Circuit evaluated whether the Merit Systems Protection Board ("MSPB") considered the proper evidence in determining that the petitioner was not an appointed employee. 198 Fed. Appx. at 964. The court of appeals cited its prior decision in Watts v. Office of Personnel Management, 814 F.2d 1576, 1578 (Fed. Cir. 1987), to support its holding that the MSPB correctly evaluated the documents cited by the petitioner. 198 Fed. Appx. at 964-65. The court was not attempting to undermine the need for formal appointment and unequivocal evidence to support a finding of appointment pursuant to 5 U.S.C. § 2105(a). Id. at 964-66 (citing Bevans v. Office of Personnel Management, 900 F.2d 1558, 1561-62 (Fed. Cir. 1990); Horner v. Acosta, 803 F.2d 687, 692 (Fed. Cir. 1986)). Rather, it was noting that there are instances where the Standard Form ("SF") 50 or 52 and the oath of office need not be the sole basis for a finding of appointment. Id. at 964-65. This language did not alter the long-standing rule that appointment does not occur absent "definite unconditional action by an authorized federal official designating an individual to a specific civil service position." Bevans, 900 F.2d at 1562 (quoting Horner, 803 F.2d at 693).

Although there are instances where other rituals may satisfy the strict requirements for formal appointment, "decisions in the Court of Claims not infrequently have turned on whether the SF 50 or 52 had been executed by an authorized government official." Horner, 803 F.2d at 693 (citing Costner v. United States, 665 F.2d 1016, 1020, 1022 (Ct. Cl. 1981); Skalafuris v. United States, 683 F.2d 383 (Ct. Cl. 1982); Goutos v. United States, 552 F.2d 922, 924 (Ct. Cl. 1976) (holding that execution of SF 52 was the "*sine qua non*" of plaintiff's appointment)). For example, in Horner, the court of appeals held that there was no appointment because there was "an absence of the usual indicia of civil service status, such as an executed SF 50 or 52 as an appointive document, and a general practice of not administering an oath of office." 803 F.2d at 694. Even more synonymous with the facts of this case, in Hintz v. Department of the Army, the Federal Circuit held that the petitioner who received an offer letter containing a list of documents to be completed prior to his start date, was, at the earliest, appointed "only when the requested documents were received by the agency." 21 F.3d 407, 410 n.2 (Fed. Cir. 1994).

Applying the facts alleged in the complaint to the strict standard required for appointment, it is clear that Mrs. Mauras was not appointed to the position at the FRA. It is undisputed that Mrs. Mauras did not complete an SF 50 or 52, take the oath of office, or complete all paperwork and contingencies set forth in the offer letter. As in Hintz, the offer letter clearly detailed the remaining steps needed to confirm Mrs. Mauras's employment eligibility before her report date. The letter does not, as Mrs. Mauras attempts to argue, state that acceptance of the offer was the only hurdle to appointment. Mrs. Mauras has failed to cite a case, and the Government is not aware of one, where acceptance of a conditional offer of employment, without more, constitutes appointment to Federal employment. "There is a 'significant degree of formality in the appointment process'" which was not present in this case.

Bernabe, 198 Fed. Appx. at 966 (quoting Horner, 803 F.2d at 692). Without a formal appointment, Mrs. Mauras is not entitled to the damages she seeks -- the salary she would have received as a FRA employee.

Mrs. Mauras's response also improperly relies on Westover v. United States, 71 Fed. Cl. 635, 640 (2006), to support her claim for damages. This Court in Westover noted, in dicta, that it may be possible to fashion a remedy for a plaintiff who proves that the breach of a neutral references provision cost him a position and the accompanying pay. Id. However, Westover also specifically reiterates the well-settled principle that "[t]he court cannot grant monetary relief for the loss of a position to which a federal employee has not been appointed." Id. (citing Wienberg v. United States, 425 F.2d 1244, 1251 (Ct. Cl. 1970), Tierney v. United States, 168 Ct. Cl. 77, 80 (1964)). Mrs. Mauras has done nothing more than present a claim for speculative damages for a future salary to which she has no entitlement.

Finally, Mrs. Mauras attempts to distinguish Grosdidier v. United States, 77 Fed. Cl. 106 (2007), and Tierney v. United States, 168 Ct. Cl. 77 (1964), two cases relied on by the Government, by arguing that they involve claims against the appointing agency, not against an agency who breached a settlement agreement. This distinction is inapposite. Our motion cites Grosdidier and Tierney, among a list of other cases, for the well-settled proposition that "[t]his Court cannot grant monetary relief for the loss of a position to which a federal employee has not been appointed." Grosdider, 77 Fed. Cl. at 110 n.7 (internal citations omitted); see also Tierney, 168 Ct. Cl. 77. This proposition has been applied in cases involving the appointing agency as well as other entities. Whether all of the cases which have cited this rule involve the same factual posture as the instant case is irrelevant and provides no support for Mrs. Mauras's opposition to our motion.

Taking all of the facts of the complaint as true, Mrs. Mauras has failed to establish entitlement to the salary of a position to which she was never appointed. Accordingly, the Court should dismiss her claims for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court dismiss Mr. Mauras's claims for lack of subject matter jurisdiction and Mrs. Mauras's claims for failure to state a claim upon which relief may be granted.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Kirk Manhardt
KIRK MANHARDT
Assistant Director

s/Dawn E. Goodman
DAWN E. GOODMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tel: (202) 616-1067
Fax: (202) 514-8624

January 14, 2008

Attorneys for Defendant

CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on this 14th day of January, 2008, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Dawn E. Goodman
DAWN E. GOODMAN